ENRIQUE GONZÁLEZ y OTROS, demandantes y recurridos, *v.* BENIGNO ALICEA y OTROS, demandados y recurrentes.

*Número:* RE-89-106          *Resuelto:* 22 de abril de 1992

*Jorge L. Martínez* y *Jorge Segurola, de Goldman & Antonetti,* abogados de los recurrentes; *José Enrique Colón Santana* y *Marcos Ramírez Lavandero, de Ramírez & Ramírez,* abogados de los recurridos.

EL JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitió la opinión del Tribunal.

## RESOLUCIÓN

La Sociedad para Asistencia Legal (en adelante la Sociedad) se incorporó hace más de treinta y siete (37) años. Anclada en el Art. II, Sec. 11 de nuestra Carta de Derechos, Const. E.L.A., L.P.R.A., Tomo 1, la Sociedad se organizó con el fin de "promover la justicia para los insolventes económicos, facilitándoles servicios de abogado para garantizar la igual protección de las leyes y para alentar la fe en la justicia". Art. 4 del Certificado de Incorporación de la Sociedad para Asistencia Legal (en adelante Certificado de Incorporación), Solicitud de revisión, Apéndice, pág. 168. Desde sus inicios, nuestro sistema de justicia criminal, y por ende la comunidad, han dependido cada vez más de los servicios que rinde esta entidad. De hecho, ya para el año fiscal 1990–1991, la Sociedad había atendido 24,629 casos criminales y de menores, 262 casos civiles, 147 casos ante este Tribunal y 504 casos ante la Junta de Libertad Bajo Palabra. Véase la Exposición de Motivos de la Ley Núm. 94 de 14 de diciembre de 1991, Leyes de Puerto Rico, pág. 858.

Por lo tanto, el ejercicio del derecho constitucional a la huelga que ejercen actualmente los abogados empleados de la Sociedad ha tenido un significativo impacto sobre las labores de las salas de lo criminal del Tribunal de Primera Instancia. Los centros judiciales urbanos han sido los más

afectados; la situación se torna cada vez más crítica y los tribunales no cuentan con los recursos necesarios para evitar que en un futuro inmediato tengan que poner en libertad a decenas de acusados que se encuentran sumariados en espera de juicio.

I

En el caso de autos, los recurridos presentaron una demanda de interdicto preliminar y permanente contra el Director Ejecutivo y el Presidente de la Sociedad mediante la cual solicitaron al tribunal a quo que ordenara su admisión como socios de la Corporación. Previo a la presentación de la demanda, los sesenta y tres (63) demandantes solicitaron a la Junta de Directores que se les admitiera como miembros de la Sociedad. En sus cartas, cada uno señaló que era ciudadano de Puerto Rico, que gozaba de buena reputación y que estaba comprometido con la buena y eficiente administración de la justicia, con el propósito de así acreditar las condiciones que el Certificado de Incorporación, vigente en ese momento, disponía para la admisión de socios. También incluyeron la cuota requerida. Posteriormente, el Director Ejecutivo devolvió los cheques y giros, y rechazó las solicitudes de matrícula, aduciendo enmiendas al Certificado de Incorporación y al Reglamento de la Sociedad para Asistencia Legal de Puerto Rico.

Tras un proceso infructuoso de negociación, el tribunal de instancia (Hon. Gilberto Gierbolini, Juez) resolvió la controversia por vía de sentencia sumaria, ordenando que todos los demandantes fueran admitidos como miembros regulares de la Sociedad y declaró nulas las enmiendas a los estatutos de dicha corporación que eliminaban las disposiciones relativas a los socios. Inconformes, los demandados han recurrido ante nosotros, y discutieron cuatro (4) errores:

1. Erró el tribunal al emitir una sentencia sumariamente sin notificación previa.

2. Erró el tribunal al incumplir con su deber de examinar toda la evidencia que obre en autos a la luz más favorable de la parte opositora.

3. Erró el tribunal al ordenar la admisión inmediata de los demandantes como miembros de la Sociedad sin evaluación previa del cumplimiento de los requisitos de admisión.

4. Erró el tribunal al determinar que el Honorable Secretario de Justicia no es una parte indispensable en el presente litigio.

Los recurrentes hacen hincapié en el primer y tercer error.

El presente recurso plantea, en esencia, la inquietud que existe en cuanto a la composición, estructura y funcionamiento directivo e interno de la Sociedad. La preocupación no es nueva. Ya en 1987, la Asamblea General del Colegio de Abogados había aprobado una resolución solicitándole a la Junta de Directores que convocara una asamblea de socios, "ofreciéndole una oportunidad previa y razonable a la comunidad en general de solicitar membresía a dicha Junta". Resolución Núm. 5 del Colegio de Abogados de 26 de septiembre de 1987, Solicitud de revisión, Apéndice, pág. 291.

Recientemente, el 13 de abril de 1992, el Colegio de Abogados de Puerto Rico, por conducto de su Presidente, solicitó que se le permitiera intervenir como *amicus curiae* en el presente litigio. Fundamentó su petición en "su estrecha vinculación con los servicios legales a los indigentes, [y en] los efectos que tendrá [la solución de la situación huelgaria] sobre un nutrido grupo de abogados y sobre la administración de la justicia penal en el país". Urgente solicitud de intervención y comparecencia como *amicus curiae*, pág. 3. Recomendó, además, que adoptemos alguna

solución que permita "normalizar la situación organizacional de la Sociedad para Asistencia Legal". Íd., pág. 6.

La controversia principal en este caso está sometida y le anticipamos una pronta solución.

## II

La reciente renuncia en pleno de los miembros de la Junta de Directores de la Sociedad ha agravado aún más la situación y dificulta la implantación de cualquier remedio que pudiéramos confeccionar en este caso. Actualmente no existe un organismo que gobierne las actuaciones de la Sociedad, que supervise sus operaciones, que apruebe cualquier acuerdo al que pueda llegarse con los empleados en huelga o que pudiera implantar el remedio que en su día emita este Tribunal. Urge, entonces, atender esta circunstancia. Poderosas razones justifican nuestro proceder.

■ La Sociedad rinde un *servicio público* de profundo *interés social* mediante el cual se cumple con el mandato de *rango constitucional* de proveer servicios legales a los indigentes. Así, la Sociedad opera principalmente con fondos y asignaciones públicas. Más aún, la Sociedad es una entidad a través de la cual se proveen servicios legales, por lo que este Tribunal, tomando como base su facultad inherente para regular la profesión, tiene autoridad para intervenir y supervisar los asuntos de la Sociedad que afecten el ejercicio de la profesión. Véase, por ejemplo, *Colegio de Abogados v. Schneider*, 117 D.P.R. 504, 522 (1986). Además, la Sec. 30 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico nos confiere inherencia en asuntos que se relacionen con "el establecimiento de ayuda legal para la defensa de personas pobres". 4 L.P.R.A. sec. 303. Finalmente, en lo que resolvemos este caso urge que la

Sociedad continúe funcionando efectivamente de forma tal que el remedio que finalmente estructuremos pueda ser efectivamente implantado.

En vista de lo anterior, del efecto adverso que ha tenido el presente asunto para la administración de la Rama Judicial y de nuestro poder de emitir *motu proprio* órdenes en auxilio de nuestra jurisdicción (Regla 29(c) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A), estimamos necesario ordenar la organización de una junta de directores provisional para la Sociedad de Asistencia Legal, compuesta por los ciudadanos siguientes:

1. Lcdo. José Trías Monge, Presidente
2. Lcdo. Salvador E. Casellas
3. Lcdo. Manuel J. Fernós
4. Lcdo. Efraín González Tejera
5. Lcdo. Eulalio A. Torres González

### III

Dicha junta tendrá todos los poderes y las facultades que le confiere el Certificado de Incorporación y los estatutos de la Sociedad para Asistencia Legal, Inc., así como la Ley General de Corporaciones. Dichos directores ocuparán sus cargos inmediatamente, sin límites de clase alguna, hasta tanto se constituya la Junta de Directores de dicha corporación conforme a la decisión final que ha de tomar en su día este Tribunal en el presente recurso o hasta que otra cosa disponga.

*Se ordena la publicación de esta resolución.*

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García se inhibió.

Los Jueces Asociados Señores Rebollo López y Hernández Denton no intervinieron.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*